[No. 1242.  Decided March 12, 1894.]

THE STATE OF WASHINGTON, *on the relation of John Mc-Reavy, Appellant*, v. THOMAS BURKE, *Respondent*.

OFFICE AND OFFICERS — STATE CAPITOL COMMISSIONER — POWER OF
GOVERNOR TO REMOVE FROM OFFICE.

The act of March 21, 1893, in relation to state capitol commissioners, provides that "The commissioners so appointed shall hold office till the completion of said building and the acceptance thereof by the state unless sooner removed for cause by the governor," and, as such act contains no provision concerning the method of removal, it must be construed in connection with a prior act of the same session (Laws 1893, p. 247), providing for the removal from office by the governor of all state officers appointed by him who are not liable to impeachment; and, construing these acts together, the legislative intent is plain that the tenure of office of an appointive member of the capitol commission should be indefinite, and such officer liable to removal without a hearing for misconduct, malfeasance or incompetency, when the governor should be satisfied that any such causes exist.

*Appeal from Superior Court, Thurston County.*

*Turner, Graves & McKinstry,* and *Wickersham & Reid,*
for appellant:

.  Where power to remove an officer for cause is reposed
in any tribunal or officer, that power cannot be exercised
without notice and a hearing; that is to say, the officer
proceeded against must be given notice of the charges
made against him and be given an opportunity to be heard
in his defense against such charges. Mechem, Public Offi-
cers, §§ 454, 455; High, Extr. Leg. Rem., § 68 *et seq.;*
Merrill, Mandamus, § 147; 1 Dillon, Mun. Corp., §§ 250,
256; Throop, Public Officers, § 364 *et seq.; Baggs' Case,*
11 Coke, 99; *King v. Gaskin,* 8 T. R. 209; *Ramshay's
Case,* 18 Ad. & El. (N. S.) 190; *Williams v. Bagot,* 3 B. &
C. 772; *Queen v. Archbishop,* 1 Ell. & El. 545; *Rex v.
Richardson,* 1 Burr. 517; *Commonwealth v. Slifer,* 25 Pa.
St. 23; *Field v. Commonwealth,* 32 Pa. St. 478; *Common-
wealth v. Shaver,* 3 Watts & S. 338; *Page v. Hardin,* 8
B. Mon. 672; *Lowe v. Commonwealth,* 3 Metc. (Ky.) 237;
*Dubuc v. Voss,* 19 La. An. 210; *Dullam v. Willson,* 53 Mich.
392; *State v. St. Louis,* 90 Mo. 19; *State v. Bryce,* 7 Ohio,
82; *Willard's Appeal,* 4 R. I. 601; *Mead v. Treasurer,* 36
Mich. 416; *Crawford v. Township Board,* 24 Mich. 248; .
*McGregor v. Gladwin Co.,* 37 Mich. 388; *Leeman v. Hin-
ton,* 1 Duval, 37; *State v. Lingo,* 26 Mo. 496; *Prowell v.
Fowlks,* 5 Baxt. 649; *Hawkins v. Kercheval,* 10 Lea, 535;
*Murdock v. Trustees of Phillips' Academy,* 7 Pick. 303,
12 Pick. 244; *State, ex rel. Gill, v. Common Council of
Watertown,* 9 Wis. 229; *Haight v. Love,* 39 N. J. Law, 14;
*People v. Mayor,* 19 Hun, 441; *People v. Commissioners,*
106 N. Y. 64; *State v. Chamber of Commerce,* 20 Wis. 68;
*State v. Chatburn,* 63 Iowa, 659; *Stockwell v. Township
Board,* 22 Mich. 341; *Evans v. Populus,* 22 La. An. 121;
*State v. Graham,* 25 La. An. 73; *Hallgren v. Campbell,*
82 Mich. 255; *Board v. Darrow,* 13 Col. 460; *Madison v.*

*Korbly*, 32 Ind. 74; *Foster v. Kansas*, 112 U. S. 201; *Kennard v. Louisiana*, 92 U. S. 480; *People v. Commissioners*, 103 N. Y. 370; *People v. Burnside*, 3 Lans. 74; *People v. Albany*, 62 How. Pr. 220; *Geter v. Commissioners*, 1 Bay, 354; *Singleton v. Commissioners*, 2 Bay, 105. The power of removal for cause, conferred by statute, must be strictly pursued, and if not so pursued the attempted removal is a nullity. *McGregor v. Supervisors*, 37 Mich. 388; *People v. Mayor*, 19 Hun, 441; *People v. Fire Commissioners*, 72 N. Y. 445; *Selby v. City of Portland*, 14 Or. 243; *Street v. County Commissioners*, Breese, 50; Mechem, Public Officers, § 452.

*Andrew F. Burleigh*, and *James A. Haight*, for respondent:

Where the constitution, or the legislature in the exercise of its unlimited power, gives the governor power to remove any officer whom he may appoint in case of incompetency, neglect of duty or malfeasance in office, and is silent as to the mode of its exercise, it follows that the governor may determine whether any of the causes exist for removal, from the best light he can get, and adopt such mode of procedure as he may deem proper and right, and it is not for the courts to dictate to him in what manner he shall perform the duty. No written charge, notice or formal trial is necessary. *Wilcox v. People*, 90 Ill. 186; *People v. Higgins*, 15 Ill. 110; *Kennedy v. McGarry*, 21 Wis. 502; *Attorney General v. Brown*, 1 Wis. 442; *People v. Stout*, 19 How. Pr. 171; *State v. Doherty*, 25 La. An. 119; *Keenan v. Perry*, 24 Tex. 253; *Donohue v. County of Will*, 100 Ill. 94. The grant of power in the governor to remove an officer when he is satisfied that a certain cause exists, implies authority to judge of the existence of the cause and empowers him to remove the officer without notice or hearing. Throop, Public Officers, § 346; *People*

*v. Whitlock*, 92 N. Y. 191; *O'Dowd v. Boston*, 149 Mass. 443; *Sweeney v. Stevens*, 46 N. J. Law, 344; *Patton v. Vaughan*, 39 Ark. 211; *Wilcox v. People*, 90 Ill. 186.

It is a well settled rule of law of the courts of this country that, where a definite term of office is not fixed by law, the officer or officers by whom a person was appointed to a particular office may remove him at pleasure, and without notice, charges or reasons assigned. Throop, Public Officers, § 354; *Ex parte Hennen*, 13 Pet. 230; *People v. Fire Commissioners*, 73 N. Y. 437; *People v. Hayden*, 10 N. Y. Supp. 794; *Carr v. State*, 111 Ind. 101.

The opinion of the court was delivered by

SCOTT, J.— By an act of the legislative assembly, approved March 21st, 1893 (Laws p. 462), a board to be known as "The State Capitol Commission" was created for the purpose of erecting a state capitol building; said board to consist of five members, of whom three were to be appointed by the governor by and with the advice and consent of the senate.

The appellant was one of the members originally appointed by the governor to a position on said commission under the provisions of this act. He held this office until the 6th day of February, 1894, when the governor filed in the office of the secretary of state an order removing appellant from said office, and appointing respondent to fill the vacancy caused by the removal, a copy of which order was duly served on appellant. The respondent duly qualified and entered upon the duties of the office, and thereupon appellant brought this information in the nature of *quo warranto* in the superior court of Thurston county, for the purpose of trying the question of the title to said office, as between himself and the respondent; alleging in his information, after setting forth the facts hereinbefore stated, that the removal was made by the governor

without authority and without notice to him of the pendency of investigation of any charge or charges against him of misconduct in office, and without having given him any opportunity whatever to defend himself against any such charge or charges.    To this information respondent demurred on the ground that the same does not state facts sufficient to constitute a cause of action, and upon the further ground that it appears affirmatively from said information, that the relator was duly and legally removed from said office and the defendant duly and regularly appointed to fill the vacancy, and had duly qualified and entered upon the duties of said office.    The court below sustained the demurrer, and appellant electing to stand upon his information, judgment was rendered in favor of the respondent, from which judgment the relator took his appeal to this court.

The act creating said board contained the following clause relating to the term of office:

"The commissioners so appointed shall hold office till the completion of said building and the acceptance thereof by the state unless sooner removed for cause by the governor."

No way was specified in said act as to the manner of such removal.    The only other legislation upon the subject is found in an act approved March 10, 1893, which is as follows:

"SECTION 1.  The governor of the State of Washington is hereby authorized and empowered to remove from office all state officers appointed by him not liable to impeachment for incompetency, misconduct or malfeasance in office.

"SEC. 2.  Whenever the governor is satisfied that any officer not liable to impeachment has been guilty of misconduct or malfeasance in office, or is incompetent, he shall file with the secretary of state a statement showing his reasons with his order of removal, and the secretary of state

shall forthwith send a certified copy of such order of removal and statement of causes by registered mail to the last known postoffice address of the officer removed.

"SEC. 3. At the time of making the removal from office herein provided for, the governor shall appoint some proper person to fill such office, who shall forthwith demand and receive from the officer removed the papers, records and property of the state pertaining to the office and shall perform the duties of such office and receive the compensation thereof until his successor is appointed."

This act seems to have been passed in pursuance of § 3, art. 5 of the constitution, which provides that —

"All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law."

The office in question is a state office, and such officers do not fall within the class of state officers liable to impeachment.

The order removing appellant as a member of said commission specified that it was for misconduct in office. It is contended by appellant that he could not be removed until after a hearing upon charges whereof he should have notice and an opportunity to appear and defend. It is conceded that no such notice was given or hearing had. A long line of authorities have been presented and an able argument made upon the proposition that where an officer has been appointed for a definite term and is only subject to removal for cause, he cannot be removed except in pursuance of a finding against him upon charges constituting a cause, of which he has had notice and an opportunity to contest; and while there are some cases to the contrary, we are well satisfied that the great weight of authority is with the appellant, and the question to be determined is whether this case falls within that class. This depends upon the question as to whether such term is a fixed and definite one within the contemplation of such rule. The

office is not one provided for by the constitution, but was
created by legislative enactment.    If the term depended
solely upon the provision in the act that, "the commis-
sioners so appointed shall hold office till the completion of
said building and the acceptance thereof by the state," we
would regard it as a fixed and definite one, as much so as
if the act prescribed that the term should continue for two
years.    But it does not depend upon this provision ex-
clusively.    In enacting the law the legislature recognized
the fact that public interests might require the term of
service of any particular appointee to be terminated be-
fore the completion and acceptance of the building, and
consequently provided that the persons appointed should
only so hold, "unless sooner removed for cause by the
governor."

It will be noticed that no cause is specified in the act,
nor any manner of removal other than it shall be by the
governor.    Owing to this failure to point out any method of
removal, it seems clear that the legislature must have had
in view the prior act relating to removals by the governor,
and if such is the case the two acts should be construed
together in this connection.    The fact that the last act con-
tains the clause that it does with regard to removals lends
force to the view that it was intended as a limitation of the
term, and that the term was intended to be an indefinite
one, depending, in part as to its limitation, upon the hap-
pening of the contingency contained in the clause.    Other-
wise, it would have been unnecessary to have inserted this
clause, for the prior act conferred the power to remove,
generally, upon the governor.

The case presented varies in this respect from many of
those cited, and strengthens the respondent's position.    If
the clause relating to removals by the governor in the act
creating the board depended entirely upon the constitu-
tional provision respecting removals, independent and ex-

clusive of the prior legislative enactment, it would probably be inoperative on account of indefiniteness in failing to prescribe any manner of proceeding, and it might be open to the further objection that the question to be determined is a judicial one and the governor, as such, has no judicial power. Such power is expressly vested by our constitution in the courts. It is true the legislature may create other courts than those specified by the constitution— "inferior courts," according to the language used, but inferior perhaps only in the sense that the jurisdiction would be special and limited and not general. There is no question but that the legislature could have constituted the governor, or any person or body it saw fit to, a court to determine such questions, and have made such determination final. But there was no attempt whatever to do this. It is a well settled rule that legislative enactments should be so construed as to be given force and rendered operative, if practicable, under recognized rules of construction. Therefore, it seems necessary, in order to give the latter act force in this particular, that it should be construed in conjunction with the prior act relating to removals from office.

It is not contended by appellant that this act is unconstitutional except only incidentally in alluding to the fact that it lays down an additional ground for removals from office to those contained in the constitution, viz., the incompetency of the incumbent, which is not involved in this case. As appellant has not attacked the act upon constitutional grounds in connection with this case, we do not question it, for it is well settled that the courts will approach such questions with the greatest caution, and that acts of the legislature will not be held void or unconstitutional unless the question is directly involved and the conflict clearly apparent.

Furthermore, if the act should be held unconstitutional as applying to an office created by the constitution, or as

to one created by the legislature with a definite prescribed term, it seems to us it may yet have force in connection with the removal clause in the law creating this commission. Neither does appellant maintain that these acts should not be construed together, but contends that in any event he was entitled to a notice and a hearing, as the removal could only be for cause.

It is contended that a removal for cause involves a direct attack upon the reputation of the officer, and, although the rule that a person has a vested right in an office no longer obtains in this country, that such officer nevertheless has a right to be heard upon any charges brought against him where a removal can only be had for cause. The authorities presented are based upon the propositions that a summary removal without a hearing violates the rights of the individual, and is repugnant to our principles of government. There is much that may be said in this connection. Although the individual has no vested right in an office to which he has been appointed or elected, the public has an interest in retaining an efficient public servant, and it may be said in this case that the object of the legislature in creating the state capitol commission was to obtain the combined judgment of the members of the commission upon the matters entrusted to them, and if the governor can summarily remove a member of said commission it in effect destroys the purpose of the act in this direction, for in case a majority of said board should not agree with the governor upon any proposition it would only be necessary for him to remove the opposing members and appoint other persons in their places, and thus the action of the board would be in effect but the action of the governor.

Upon the other hand it must be conceded that where an officer is disqualified for any reason to perform the duties entrusted to him, the rights of the public can best be subserved by providing for a summary removal, to the end

that a delay in the prosecution of public matters will not be necessitated and public interests jeopardized until such matters can be judicially determined by possibly a protracted litigation.

· The foregoing questions are ones of public policy, to be addressed to and determined by the legislature, but within, of course, constitutional limits. It is not contended that the governor would not have had power to remove appellant for cause after giving him notice and an opportunity to be heard in his defense; nor is it contended that such a hearing would not be a final one. If then, according to a supposititious case put by appellant, the governor should be disposed to act unfairly and arbitrarily in the first instance, he could as well act regardless of the merits of the showing made upon such hearing, and it is difficult to see how the rights of the incumbent would be any better protected or subserved by such a hearing. Under such circumstances the right to be heard would afford but cold comfort indeed.

It seems to be well settled that the legislature in creating an office may limit the duration of the term in any way it deems fit, if there is no constitutional provision which would fix the term. It might make it determinable at the pleasure of the governor or any other person. In this case the power was entrusted to the governor—to act, it is true, upon certain grounds—yet his action or non-action would be purely discretionary. The courts could no more compel him to act than they could review his action when taken. The legislature saw fit to confide this matter to him, and as to the argument that it might result in a failure to get the benefit of the judgment of a board of men, it will be observed that the nominating of these men was reposed in the governor in the first instance. The fact that they were to be confirmed by the senate would not alter the matter in this respect materially, for a failure to confirm is excep-

tional, and in this case the appointments were made after
the legislature had adjourned, and there has been no con-
firmation.

It may fairly be said that by inserting the removal
clause in the last act in view of the former act, the inten-
tion was not to fix a definite term, and that the clause was
made a part of the provision fixing the term, to the end in
effect that the persons appointed should only hold office so
long as they should perform their duties to the satisfaction
of the governor.    The duration of their official life was
confided to his discretion in this particular.    Whether or
not this was a wise or a just provision was for the legisla-
ture to determine.    The legislature did determine it, and
appellant accepted the office with this condition attached
to it.    Having in view the former act, the provision in
effect was that the governor should only act in case of the
incompetency, misconduct or malfeasance of the incum-
bent, but the determination of the existence of any of these
causes rested with the governor.

Now the manner of proceeding and the right to contest
must be determined by the act.    What was the legislative
intention?    The act does not in terms provide for a hear-
ing or give a right to a contest, but it would not follow
from this necessarily that there need not be any hearing,
and that the appellant did not have a right to controvert
the existence of the cause, and we should hold that he did
have if there was nothing other than this to determine
what the intention was, if the act could be operative at all
where no manner of proceeding is pointed out.    But in
addition to the fact that there is no specification as to this,
the act is specific as to the manner of proceeding otherwise.
It provides that the governor shall file with the secretary
of state a statement showing his reason, with his order of
removal, and that the secretary of state shall forthwith
send a certified copy of such order of removal and state-

ment of causes by registered mail to the last known post-office address of the officer removed.    This is inconsistent with the claim that there must be a prior hearing, for so much particularity would then be unnecessary.    The fact that the reason or cause of the removal must be stated in the order would lend some force to the view that such action was not intended to be final.    This is not claimed, however, and the act elsewhere settles the matter otherwise.    Possibly it would not be final if a cause other than those enumerated should be specified in the order.    But this question is not involved in the present case.    The act further provides that at the time of making the removal the governor shall appoint another person to fill such office, who shall forthwith perform the duties of the office.    This is inconsistent with any view that such action was not intended to be final; for if the governor could not conclusively end the incumbent's term of office, he should not be allowed to deprive him of a part of his term, and this both from the individual and a public standpoint.    Again, and most important of all, the act provides for such action *whenever the governor is satisfied that any of the enumerated causes exist.*    It does not say how the governor is to be satisfied, and the manner in which he becomes satisfied cannot be inquired into.

No one can well read this act and be in doubt as to the legislative intention.    It is clear and certain, and it must be upheld unless void upon constitutional grounds.    There is no question but that the specific terms of the act were complied with, and if the act is valid the governor presumptively performed but a plain duty enjoined upon him by the legislature.    While the act is not directly attacked as unconstitutional, it is inferentially, perhaps, on the ground that the constitution, as bearing upon the act creating the board, requires a notice to the incumbent, and an opportunity to be heard before final action.    But, never-

theless, it may be construed in connection with the clause aforesaid contained in the later act, in arriving at the intention as to fixing the duration of the term.

A case nearly like this, coming from a state where the rule contended for by appellant is recognized where the term is a fixed and definite one, is that of *People v. Whitlock*, 92 N. Y. 191. The mayor of Syracuse had authority to remove the officer in question "for any cause deemed sufficient to himself." This is no stronger than the language used before us, *whenever the governor is satisfied* of the existence of any one of the causes enumerated. The act involved in the case cited, which was in force when the officer was elected, provided that he might "be removed for cause in the same manner as sheriffs are removed." The act under which the removal was made was passed while he was in office. The court held that, "the office was created by the legislature, and they might abridge its terms by express words or specify an event upon the happening of which it should end," and that the event specified was removal by the mayor; also, that such action might be had without any notice or hearing.

Another very similar case is that of *State v. McGarry*, 21 Wis. 502. The statute defining the powers of the board of supervisors of Milwaukee county contained this language:

"Said board shall also appoint one inspector for said house of correction  .  .  .  who shall hold his office for the term of two years, commencing on the first Monday of January succeeding his appointment unless sooner removed by said board for incompetency, improper conduct or other cause satisfactory to said board. The cause of such removal shall be particularly assigned in writing and entered upon the minutes of said board, with the ayes and noes upon the adoption of the vote for such removal."

The court held that the action of the board in removing the incumbent in the manner specified for one of the causes

assigned was final and not subject to review; that the power
of the board was absolute when acting within the scope of
its power, and that the only question which could be re-
viewed was as to whether the board kept within its juris-
diction and had acted upon a cause assigned for removal
under the statute.     Persons were examined before the
board, but without being sworn as witnesses, and the de-
fendant was not permitted to cross examine them.     The
court held that this was immaterial, and that the board
might have proceeded *ex parte* without notice to the in-
cumbent and without any examination of witnesses form-
ally or otherwise.

*State v. Hawkins*, 44 Ohio St. 98 (5 N. E. 228), was a
case where the governor removed a police commissioner
for official misconduct.     It was contended that the power
of removal was judicial and could not be exercised by the
governor, and that the court might look to the evidence to
say whether the governor acted on sufficient grounds.     The
court determined both questions in the negative, and held
the exercise of such power by the governor to be adminis-
trative in character.     In this case notice had been given
and a hearing was had, but the law which authorized the
removal for official misconduct did not contain the clause
"whenever the governor is satisfied."

*O'Dowd v. City of Boston*, 149 Mass. 443 (21 N. E.
949), was a case where a subordinate had been removed
by a board of directors under a law which provided that
such board "may remove such subordinates for such cause
as they may deem sufficient and shall assign in their order
for removal."     The removal was a summary one without
any notice or hearing.     It was contended that the statute
required a removal for cause, and that the import of the
statute was that there should be charges stating the cause
of removal, and a hearing and adjudication upon them;
and that the words "for cause" have acquired a technical

meaning, in which it will be presumed the legislature used them. The court held that these words were qualified by the other words authorizing the board to remove for such cause as they determined to be sufficient, and sustained the removal, holding that a notice and hearing was not required. The court said the intention of the statute seemed to qualify a removal at pleasure by requiring a record to be made of the cause, and that with or without a hearing there was a record of the cause of removal, and the only appeal in either case was to public opinion.

*State, ex rel. Sweeney, v. Stevens*, 46 N. J. Law, 344, was a case where a jailer was removed by the board of chosen freeholders without any hearing. The appointment and removal were made under a statute which provided that "the board of freeholders shall appoint some proper person to be the jailer or keeper of the jail of said county, who shall hold his office for the term of five years, and until another be appointed in his stead; but such jailer may at any time be removed from office, by a vote of two-thirds of all the chosen freeholders of the said county, for the time being." The court said that "the legislature, in creating the office, had the right to provide for its vacation in such manner as they saw fit, and in ascertaining what the manner is, we must take their language in its ordinary import;" that the statute in effect confided the tenure of office to the discretion of two-thirds of the members of the board, and that the board might act regardless of the fact as to whether there was any just cause for removal. Also, see Throop on Public Officers, §§ 345–396.

Some of the cases cited go further and hold where the term is a fixed and definite one, and where removal can only be had for cause existing, that the authority to remove may be vested in a person as a discretionary one, and may be exercised without a notice or hearing, and not sub-

ject to review.   But, as stated, the weight of authority is against this.   Nor do counsel for respondent undertake to maintain otherwise in this case.   But contend that the two acts in question here must be construed as a limitation upon the term of the person appointed, and consequently that the term is in so far an indefinite one, and their contention in this respect must be sustained.

Affirmed.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

STILES, J.— Solely on the ground that this was not a constitutional office, I concur in the result.