[No. 1788.   Decided September 12, 1895.]

THE STATE OF WASHINGTON, *on the Relation of Ed. Tremblay, Appellant,* v. JOHN McQUADE, *Respondent.*

APPEAL — RECORD — OFFICERS — TOWN MARSHAL — APPOINTMENT AND
REMOVAL — QUO WARRANTO — SUFFICIENCY OF PETITION.

Upon appeal from a judgment in a cause tried upon complaint and demurrer, it is unnecessary to file a statement of facts or bill of exceptions, as the pleadings constitute a part of the record otherwise.

The fact that plaintiff in an action of *quo warranto* has been removed from the office to which he seeks possession cannot be urged on appeal, when the matters establishing that fact do not appear in the record.

A petition in *quo warranto* to obtain possession of the office of town marshal and to oust the prior incumbent thereof, is sufficient when it alleges the latter's appointment by the common council to hold office at its pleasure, his due removal for cause deemed sufficient, the due appointment of the relator to fill the vacancy, his acceptance of the office and due qualification therefor in accordance with law.

Under Gen. Stat. § 663, providing that the marshal of a town of the fourth class shall be appointed by the common council and hold office *during the pleasure of said council,* and under § 691, providing that all officers elected by the council are subject to removal by that body *at any time for cause deemed sufficient,* the council have the right, at their pleasure, to remove the marshal without notice and hearing.

*Appeal from Superior Court, King County.*

*P. V. Davis,* and *Fred H. Peterson,* for appellant.

*P. P. Carroll,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This is a proceeding in the nature of a *quo warranto,* instituted by the relator for the purpose of obtaining possession of the office of marshal of the town of Gilman, and of ousting the respondent therefrom.

The respondent moves the court to dismiss the appeal on the alleged grounds, (1) that at the time of serving the notice of appeal in this cause there was no judgment of record to appeal from; (2) that no statement of facts or bill of exceptions has been filed, served and certified as required by law; and (3) that said relator is not an officer as alleged in his information, and is no longer entitled to proscute this action as said town marshal.

The statute relating to appeals to the supreme court (Laws 1893, p. 120, § 4), provides, among other things, that:

"If the appeal be not taken at the time when the judgment or order appealed from is rendered or made, then the party desiring to appeal may, by himself or his attorney, within the time prescribed in section three of this act, serve written notice on the prevailing party or his attorney that he appeals from such judgment or order to the supreme court."

The appeal in this case was not taken at the time when the judgment appealed from was rendered, and it was therefore necessary to serve a notice in writing upon the adverse party within the time prescribed by the statute, which was done by the appellant. The judgment appealed from, as shown by the record, was rendered on November 20, 1894, and the notice of appeal was duly served on the respondent on the 20th day of December following. Under the statute the notice was certainly served within the time limited by § 3 of the act, and there is no objection to its form or substance. The appeal was, therefore, properly taken.

The cause was tried upon the complaint and the demurrer of the respondent, and as the complaint and demurrer constituted portions of the record in the cause, no bill of exceptions or statement of facts was necessary or proper.

In support of the proposition that the relator is not an officer as alleged in his information, and is no longer entitled to prosecute this action as marshal of said town, the respondent has inserted in his brief certain proceedings of the town council which are not of record in the cause and therefore cannot be here considered.

The motion to dismiss is denied.

The complaint or information alleges that:

"The town of Gilman, during all of the time and times herein, was and is a municipal corporation of the fourth class, organized and existing under the laws of the state of Washington; that on the 9th day of January, 1894, one John McQuade was appointed marshal of said town of Gilman by the common council of said town, to hold said office at the pleasure of said council, and said McQuade immediately thereafter entered upon the duties of said office and continued therein until his removal as herein alleged; that on the 6th day of July, 1894, said respondent McQuade was duly removed from said office by said council for cause deemed sufficient, by resolution entered upon the records of said council; that immediately after the removal of the respondent as aforesaid, said Tremblay was duly appointed town marshal by the council of said town to fill the vacancy caused by the removal of said respondent as aforesaid; that said Tremblay accepted the said office and in the form and within the time required by law and the ordinances of said town, took and subscribed the constitutional oath of office and filed the same with the clerk of said town, and executed the official bond required by law and the ordinances of said town, which bond was duly approved by the council of said town and the same filed with the clerk of said town, and the said relator thereby became entitled to hold said office of marshal; that said Tremblay, after qualifying for said office and filing said bond, demanded of said respondent the possession of said office, together with all books, papers

and records thereof, and of the keys of the town jail and one certain revolver, all of said property belonging to said town and pertaining to said office of marshal, and said respondent has at all times refused and does now refuse to comply with said demand; that said respondent still continues to hold, exercise and usurp said office of marshal to the exclusion of said Tremblay; that by reason of the usurpation of said office by said McQuade unlawfully exercising the rights of said office, this relator has been damaged in the sum of $50."

We are clearly of the opinion that this complaint states a cause of action against the respondent. If, as is admitted by the demurrer, the respondent was appointed marshal by the common council, to hold office at the pleasure of said council, and was duly removed from said office by said council for cause deemed sufficient, and the relator was *duly appointed* marshal to fill the vacancy caused by such removal, and accepted the office and duly qualified therefor in accordance with law, he was certainly entitled to the relief demanded in the complaint, and the demurrer should have been overruled.

It appears, however, that the learned trial court was of the opinion that the complaint was defective because it failed to allege that the respondent was removed by the common council, after notice of the accusation against him, and an opportunity given to be heard in defense thereof. If it were necessary to show that notice was first given to the respondent, we still think that the allegations of the complaint were sufficient. See 2 Boone, Code Pleading, p. 376. But, as matter of fact, under the statute, no previous notice was necessary. Sec. 663 of Gen. Stat. provides that:

"The Mayor, members of the common council, and the treasurer shall be elected by the qualified electors

of such a town at a general municipal election to be held therein upon the Tuesday after the first Monday in December in each year. The treasurer shall hold office for the period of one year from and after the second Tuesday in January next succeeding the day of such election, and until his successor is elected and qualified. The mayor and the members of the council shall hold office for the period of two years from and after the second Tuesday in January next succeeding the day of such election, and until their successors are elected and qualified. . . . The council shall appoint a marshal and clerk, and may, in their discretion, appoint an attorney, a pound master, a superintendent of streets, a civil engineer, and such police and other subordinate officers as in their judgment may be deemed necessary, and fix their compensation, which said officers shall hold office *during the pleasure of said council.*"

And by § 691 it is provided that, "all officers elected by the council are subject to removal by that body *at any time for cause deemed sufficient.*"

The law seems to be pretty well settled that an officer holding under statutes like ours may be removed without notice, at the pleasure of the appointing power. Judge Dillon states the law as follows:

"Where an officer is appointed during pleasure, or where the power of removal is discretionary, the power to remove may be exercised without notice or hearing. But where the appointment is during good behavior, or where the removal can only be for *certain specified* causes, the power of removal cannot, as will presently be shown, be exercised, unless there be a formulated charge against the officer, notice to him of the accusation and a hearing of the evidence in support of the charge, and an opportunity given to the party of making defense." 1 Dillon, Mun. Corp. (4th Ed.), § 250.

See, also, Throop, Public Officers, § 361; Mechem, Public Officers, § 454; *People v. Whitlock*, 92 N. Y. 191;

*People v. Mayor*, 82 N. Y. 491; *State ex rel McReavy v. Burke*, 8 Wash. 412 (36 Pac. 281).

In the latter case this question was thoroughly discussed, and it is not necessary to recapitulate what was then said. We think the statute is too clear to admit of construction, and that the legislature, by the language used, intended to confer upon the council the power to remove the marshal for any cause deemed sufficient to themselves, and without notice to the respondent.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.

Hoyt, C. J., and Gordon, Scott and Dunbar, JJ., concur.