[No. 2925. Decided May 19, 1898.]

THE STATE OF WASHINGTON, *on the Relation of L. S. Howlett,* v. NEAL CHEETHAM, *as Auditor of the State of Washington.*

REMOVAL OF STATE OFFICERS — RIGHT TO HEARING.

Under the constitutional provision that "all officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law," and under Laws 1893, p. 247 (Bal. Code, §§ 107-109), giving the governor power to remove any state officer appointed by him,

whenever he shall be satisfied that such officer has been guilty of misconduct or malfeasance in office or is incompetent, the summary power of removal is vested in the governor without right in the officer removed to notice and a hearing, whether his term of office be for a fixed or for an indefinite period.

### Original Application for Mandamus.

*Bogle & Rigg*, for relator.

*Thomas M. Vance*, Ass't Attorney General, for respondent.

PER CURIAM.—The relator seeks by this proceeding to compel the state auditor to issue to him a warrant for his salary as arid land commissioner. claimed to have been earned since March 25th last. He held the position under appointment of the executive and his term would not have expired by limitation until June 16, 1899, under the act, Laws 1895, p. 452. On March 25th aforesaid, action was taken by the governor as follows:

"State of Washington, Executive Department,
            Olympia, March 25th, 1898.

Whereas, The State of Washington contains a large area of arid land which under the provisions of an act of congress, known as the Carey Act, and acts of the legislature of the state of Washington of 1895 and 1897, might be made productive and valuable, affording opportunity, if properly utilized according to the intent of the acts before mentioned, for settlement and cultivation, resulting in immense and incalculable advantage to the state:

Now, Therefore, I, John R. Rogers, governor of the state of Washington, being satisfied that L. S. Howlett, duly appointed and acting commissioner of arid lands has, in my judgment, been guilty of misconduct in office, do, by virtue of the power in me vested, hereby remove the said L. S. Howlett from his office as said commissioner of arid lands, and the vacancy existing by reason of such removal I do hereby fill by the appointment of Hon. O. R.

Holcomb, of Ritzville, Adams county, Washington, for the unexpired term ending June 16, 1899.

In Witness Whereof, I have hereunto set my hand and caused the seal of the state of Washington to be affixed hereto this 25th day of March, A. D. 1898.

By the governor:                         J. R. Rogers.

Great seal of the state of Washington.

Attest:   Will D. Jenkins, secretary of state."

And a copy was served as specified in the act under which the same was had, Laws 1893, p. 247 (Bal. Code, §§ 107-109).   A question is raised as to whether mandamus is an appropriate remedy, under the showing made here.   But, considering the importance of having matters of this kind speedily determined, in order that public interests may not suffer, the court, owing to the conclusion it has reached upon the merits upon the relator's own showing, passes that question and goes to the real substance of the controversy.   In *State ex rel. McReavy v. Burke*, 8 Wash. 412 (36 Pac. 281) the last mentioned act was under consideration.   It is contended by the relator that the holding was in his favor, on the ground that the term here is a fixed and definite one.   But what was said in the opinion there with reference to the weight of authority upon the giving of notice and an opportunity to appear and defend in cases of fixed terms was as to those cases where the act did not provide otherwise.   Section 3, art. 5, of the constitution is as follows:

" All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law."

The constitution left it entirely to the legislature.   It is clear that the power of removal may be vested in the governor without any right of appeal, and in construing the act the court held that it provided for a removal by the governor without notice whenever he was satisfied that

the incumbent had been guilty of misconduct or malfeasance in office, and that his action was not subject to the control of the courts, the intention being to provide for a summary removal of minor state officers without the delays occasioned by protracted litigation. Additional weight at this time is lent to that construction of the act by reason of the fact that several sessions of the legislature have been held since then and no change has been made. We are of the opinion that the relator was lawfully removed.

Writ denied.