[No. 11249-9-I.  Division One.  May 21, 1984.]

JOHN W. ORWICK, ET AL, *Appellants,* v. THE CITY
OF SEATTLE, *Respondent.*

*Hollowell & Pisto* and *O. W. Hollowell,* for appellants.

*Douglas N. Jewett, City Attorney,* and *Philip King,
Assistant,* for respondent.

CALLOW, J.—John W. Orwick, Arthur M. Peterson, and
John A. French appeal the order dismissing their class
action suit for declaratory relief, injunctive relief, and dam-

ages against the City of Seattle. They allege the use of unlawful procedures in the processing of traffic infraction cases and the unconstitutional use of traffic radar enforcement devices. They seek review of the trial court's dismissal of their complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted.

Plaintiffs John W. Orwick, Arthur M. Peterson, and John A. French were each separately stopped by Seattle police utilizing traffic enforcement radar and issued a notice of traffic infraction for speeding under the Seattle Traffic Code. All three cases were scheduled for contested hearings in Seattle Municipal Court.

Prior to their contested hearings, the plaintiffs filed a class action suit against the City of Seattle in superior court on behalf of themselves and others similarly situated seeking declaratory and injunctive relief and damages. The plaintiffs' complaint alleged that (1) the procedures used by the City of Seattle to adjudicate and process traffic infractions failed to comply with RCW 46.63.060; and (2) the Seattle Police Department's practice of issuing traffic infraction notices based on readings obtained from traffic radar devices was unlawful and violative of constitutional due process because of the unreliability of such radar equipment and/or the alleged incompetence of the officers who operate it.

The relief requested was for a judgment (1) declaring that the procedures used by the City in processing its traffic infraction cases was violative of RCW 46.63.060; (2) declaring that the City's use of radar in traffic law enforcement was unlawful and unconstitutional; (3) enjoining the City from issuing any further traffic infraction notices until such time as compliance with RCW 46.63.060 is achieved; (4) enjoining the City from using radar in traffic law enforcement and from offering evidence based on such radar where vehicle speed is at issue until the City institutes (a) radar training programs for its radar operators and (b) performance standards for radar devices sufficient to satisfy the court that radar readings of vehicle speed are reliable; and

(5) awarding "damages" to plaintiffs for a refund of fines, court costs, lost wages, and costs of suit.

Thereafter, the City of Seattle filed a CR 12(b) motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief could be granted. On December 22, 1981, the trial court granted the City's motion and dismissed the case, stating, in part:

> [P]laintiffs' complaint on its face involves matters that are within the exclusive jurisdiction of the Seattle Municipal Court and . . . fails to state a claim upon which relief can legally be granted and is subject to dismissal as a matter of law . . .

The plaintiffs appeal. During the pendency of the appeal all three traffic infraction cases were dismissed upon the City's motion prior to their respective hearings. The plaintiffs have abandoned the issue of class certification on appeal.

Three issues are presented:

1. Whether review of this appeal is precluded due to mootness;

2. Whether the Superior Court improperly dismissed the plaintiffs' class action suit for lack of jurisdiction;

3. Whether the plaintiffs' class action suit stated a legal claim upon which the plaintiffs were entitled to relief.

The first issue we address is whether review of this appeal is precluded due to mootness.

The City has included in its brief a motion to dismiss the instant appeal due to mootness. RAP 17.4(d) permits a party to include a motion in a brief "which, if granted, would preclude hearing the case on the merits." RAP 18.9(c)(2) states: "The appellate court will, on motion of a party, dismiss review of a case . . . if the application for review is frivolous, moot, or solely for the purpose of delay". The City contends that this appeal is moot because the traffic infraction cases involving the named plaintiffs have been dismissed. "A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights." *Everett v. O'Brien*, 31 Wn. App. 319, 324, 641 P.2d 714 (1982).

Here, dismissal of the plaintiffs' respective traffic infraction cases has not rendered their cause of action moot. The dismissals have not affected their damage claim for compensation for past misconduct of the City or their claim for declaratory and injunctive relief to enjoin future misconduct of the City. A case is not moot where a court can still provide effective relief. *State v. Turner,* 98 Wn.2d 731, 733, 658 P.2d 658 (1983).

We next determine whether the plaintiffs' suit was properly dismissed for lack of jurisdiction.

The superior courts have original jurisdiction over all cases and proceedings "in which jurisdiction shall not have been by law vested exclusively in some other court . . .". Const. art. 4, § 6 (amend. 65); *see In re Hayes,* 93 Wn.2d 228, 232, 608 P.2d 635 (1980). The Seattle Municipal Court was established by RCW 35.20.010 *et seq.* by virtue of the authority given to the Legislature by Const. art. 4, § 1 and is, therefore, a constitutional court. *Municipal Court ex rel. Tuberg v. Beighle,* 28 Wn. App. 141, 143, 622 P.2d 405 (1981), *aff'd,* 96 Wn.2d 753, 638 P.2d 1225 (1982). RCW 35.20.030 states, in part:

> The municipal court shall have exclusive original jurisdiction to try violations of all city ordinances and all other actions brought to enforce or recover license penalties or forfeitures declared or given by any such ordinances. It is empowered to . . . hear and determine all causes, civil or criminal, arising under such ordinances, and to pronounce judgment in accordance therewith . . .

Thus, it must be determined whether the cause alleged in the plaintiffs' complaint arose under a city ordinance rendering it within the exclusive original jurisdiction of the Seattle Municipal Court.

The plaintiffs' suit sought declaratory relief, injunctive relief, and damages by challenging (1) the procedures used by the City of Seattle to administer and process traffic infraction cases; and (2) the traffic radar practices utilized by the Seattle Police Department. Such a cause seeks to discontinue future specified conduct of the City and to

recover compensation for past misconduct of the City. It does not arise directly under a Seattle ordinance. Hence, the cause would not ordinarily be within the exclusive original jurisdiction of the municipal court because it is basically an action seeking equitable relief and damages for the tort of malicious prosecution.

However, the plaintiffs' complaint as to injunctive and declaratory relief essentially sought to litigate de novo and collaterally in the superior court mere evidentiary and procedural defenses available to litigants contesting traffic infraction cases. Generally, "equity will not enjoin enforcement of criminal laws, and an injunction will not be granted to stay criminal or quasi–criminal proceedings, whether the prosecution is for the violation of the common law or the infraction of statutes or municipal ordinances . . .". (Footnote omitted.) 43A C.J.S. *Injunctions* § 162 (1978); *see Sandona v. Cle Elum,* 37 Wn.2d 831, 835, 226 P.2d 889 (1951); 42 Am. Jur. 2d *Injunctions* § 245 (1969).

> [C]ourts exercising equitable jurisdiction will not enjoin prosecutions under municipal ordinances, even where the ordinances are allegedly invalid and there are threats of arrest and multiplicity of prosecutions, unless it is shown that the threatened prosecutions are for the sole purpose of unlawfully taking or destroying property or the business of the plaintiff, or that they will in fact result in irreparable injury thereto, *and* unless the complaining party has no plain and adequate remedy at law . . .

*Arnold v. Mathews,* 226 Ga. 809, 810, 177 S.E.2d 691 (1970). This rule has been extended in some jurisdictions to include irreparable harm to personal rights. *See Norcisa v. Board of Selectmen,* 368 Mass. 161, 330 N.E.2d 830 (1975). Moreover,

> [t]he fundamental jurisprudential considerations underlying the general prohibition against enjoining a pending criminal prosecution apply with full force to support a prohibition against issuing declaratory decrees concerning a pending criminal prosecution.

*Norcisa,* at 171–72; *see McRae & DeLand v. Feltch,* 669 P.2d 404 (Utah 1983); *Kugler v. Helfant,* 421 U.S. 117, 44

L. Ed. 2d 15, 95 S. Ct. 1524 (1975); *Samuels v. Mackell,* 401 U.S. 66, 27 L. Ed. 2d 688, 91 S. Ct. 764 (1971).

Washington case law is in accord.

[E]quity will not interfere with the execution and enforcement of the criminal laws by granting injunctive relief restraining duly constituted authorities from instituting and prosecuting criminal proceedings under such laws. 28 Am. Jur. 413, § 233; 4 Pomeroy's Equity Jurisprudence (5th ed.) 978, § 1361b; annotation L. R. A. 1916C, p. 263. In our own case of *State ex rel. Potter v. Maybury,* 161 Wash. 142, 296 Pac. 566, we have said:

"It is, of course, true that equity exercises no criminal jurisdiction. In cases where it appears that public officers are threatening to proceed against individuals under a criminal statute which is unconstitutional, or for any reason invalid, and where it appears that such action by the authorities will result in a direct invasion of property rights which will result in irreparable injury, equity will interfere by way of injunction to restrain the officers of the government from proceeding. The rule is well stated in 32 C. J., page 280, title 'Injunctions,' as follows:

"'It is only where the statute or ordinance is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights resulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to plaintiff's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder. Courts will not interfere by injunction where the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant who is left free to litigate the questions of unconstitutionality of the statute or ordinance or its construction or application in making his defense at the trial or prosecution for its violation.'"

*State ex rel. Munro v. Superior Court,* 35 Wn.2d 217, 221–22, 212 P.2d 493 (1949). *Pearce v. Pearce,* 37 Wn.2d 918, 921, 226 P.2d 895 (1951) further recognized and approved the protection of personal rights by injunctive relief where there is no adequate remedy at law.

Here, the plaintiffs' allegations of purported deficiencies in the City's pleadings and the unreliability of the City's anticipated evidence are defenses which can properly be made in a municipal court hearing contesting such alleged traffic violations. Plaintiffs thus will have an adequate remedy at law should they receive traffic infraction citations for speeding in the future. The original exclusive jurisdiction of the Seattle Municipal Court to "try violations of all city ordinances and . . . to hear and determine all causes, civil or criminal, arising under such ordinances" necessarily encompasses such procedural claims and evidentiary objections. Moreover, plaintiffs did not allege sufficient grounds to establish that they would suffer irreparable damage as the result of the City's actions. "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term . . .'". *Kugler v. Helfant, supra* at 124 (quoting *Younger v. Harris,* 401 U.S. 37, 46, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)).

The Superior Court was without equitable jurisdiction to consider the plaintiffs' request for declaratory and injunctive relief. However, the court did have jurisdiction to consider the claim for damages based on malicious prosecution and consequently, it must be determined whether the plaintiffs' allegations coupled with their request for relief in the form of monetary damages stated a legal claim upon which the plaintiffs were entitled to relief.

The final issue thus presented is whether the plaintiffs' suit stated a legal claim upon which they were entitled to relief.

"Dismissal of a complaint for failure to state a claim under CR 12(b)(6) is appropriate only if it can be said that there is no conceivable set of facts the plaintiff could prove which would entitle him to relief under his claim." *Shutt v. Moore,* 26 Wn. App. 450, 453, 613 P.2d 1188 (1980). The plaintiffs contend that their complaint clearly states a claim which sounds in tort and, therefore, dismissal of their action was erroneous.

The plaintiffs' complaint clearly indicates that their claim is not based on federal civil rights law, 42 U.S.C. § 1983. "[T]o prevail in a [42 U.S.C. §] 1983 action, the plaintiff must show, according to established law, a prima facie violation of a constitutional right and the absence of any reasonable subjective good faith intent." *Hocker v. Woody*, 95 Wn.2d 822, 825, 631 P.2d 372 (1981). The claim of the plaintiffs is based on the tort of malicious prosecution and not upon a violation of constitutional rights. A malicious prosecution action requires a plaintiff to allege and prove:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Bender v. Seattle*, 99 Wn.2d 582, 593, 664 P.2d 492 (1983) (quoting *Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 962–63, 603 P.2d 828 (1979)). Malice is satisfied by proving the prosecution "was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff." (Italics omitted.) *Bender*, at 594 (quoting *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 502, 125 P.2d 681 (1942)).

The plaintiffs contended that the following factual assertions in their complaint were sufficient to overcome a CR 12(b)(6) motion to dismiss:

> The procedures used by the City of Seattle to adjudicate and process traffic infractions fails [*sic*] to comply with RCW 46.63.060 in that, among other things, said procedures fail to adequately specify the hearing options available under RCW Chapter 46.63, fail to state that the City has the burden of proof at a contested hearing and fail to state that the person to whom the above Notice of Infraction is issued may subpoena witnesses.
> . . . Seattle Police . . . are regularly engaged in using

radar to monitor traffic and frequently stop and detain motorists and issue them traffic infractions for speeding based on inaccurate, incorrect and totally unreliable radar readings. Such practices by the Seattle Police Department frequently result in many law–abiding motorists being unnecessarily stopped and detained and being forced to choose between the twin evils of paying an undeserved fine and perhaps higher automobile insurance premiums or contesting the infraction and incurring substantial legal and expert witness expenses.

These assertions, however, do not allege, even by inference, that the complained of procedures and practices were motivated by malice. The plaintiffs' complaint failed to state a claim for legal relief based on malicious prosecution. The Superior Court thus acted properly in dismissing the plaintiffs' class action suit based on lack of jurisdiction and failure to state a claim upon which relief could be granted.

The judgment is affirmed.

RINGOLD, J., and SODERLAND, J. Pro Tem., concur.

Review granted by Supreme Court August 10, 1984.