[Civil No. 3899.   Filed September 27, 1937.]

[71 Pac. (2d) 1019.]

GRAHAM COUNTY, ARIZONA, by and Through Its Board of Supervisors, VIRGIL McEUEN, J. W. GREENHALGH and VICTOR CHRISTENSEN, Petitioner, v. SHELDON G. DOWELL, J. W. ANGLE, JOHN M. SCOTT, E. C. SEALE and R. G. LANGMADE, as Members of the Arizona State Highway Commission of the State of Arizona, Respondents.

Mr. Chas. Rogers, Mr. Jesse A. Udall and Mr. Benjamin Blake, for Petitioner.

Mr. Joe Conway, Attorney General, and Mr. A. R. Lynch, his Assistant, for Respondents.

LOCKWOOD, J.—Graham County, hereinafter called petitioner, acting by and through its board of supervisors, filed in this court an original petition for a writ of *mandamus* against the members of the Arizona State Highway Commission, hereinafter called respondents, directing them to supervise and maintain a certain highway in Graham County.

Petitioner bases its claim on chapter 26 of the act of the 13th Legislature of Arizona, which reads as follows:

"An Act Relating to highways, and directing the state highway commission to designate as a state route the Pima-Hot Springs-Fort Thomas and Pima-Bryce-Safford road.

"Be it Enacted by the Legislature of the State of Arizona:

"Section 1. *Designation of highway.* The Arizona highway commission is authorized and directed to designate as a state route, include in the state highway system, and assume supervision and maintenance of that certain highway in Graham County beginning at the northern boundary of the city of Pima and running in a northerly direction to and crossing the Gila river at Bryce, one fork thereof thence running in a southeasterly direction to the Gila river crossing and connecting with highway 70 at the city of Safford, the other fork running from Bryce in a northwesterly and westerly direction to the towns of Eden and Indian Hot Springs and crossing the river and connecting with highway 70 at Fort Thomas."

It alleges that, after said bill became a law, the highway commission did designate the highway set forth in chapter 26, *supra*, as a state route, and adopted a budget which included $8,270 for the maintenance thereof, but that it then immediately adopted another resolution suspending the maintenance until it was determined whether chapter 26, *supra*, was constitutional. It is alleged that such chapter imposed a mandatory ministerial duty upon the respondents, and that they should be compelled by this court to fulfill that duty.

The alternative writ was issued in due course, and respondents in their return thereto demurred, moved to quash the writ, and answered, and the case was submitted to the court upon the petition, the return and the briefs accompanying the same.

There are a number of interesting questions of procedure raised by the pleadings, not the least important of which is whether or not Graham County is entitled to maintain an action of this kind. We think, however, that the case can and should be determined on the issue of whether or not chapter 26, *supra*, is a valid exercise of legislative power. Section 19, subdivision 8, of part 2 of article 4, Constitution of Arizona, reads, in part, as follows:

"No local or special laws shall be enacted in any of the following cases, that is to say: . . .

"8. Laying out, opening, altering, or vacating roads, plats, streets, alleys, and public squares."

And it is contended that chapter 26, *supra*, violates the constitutional provision in that it does attempt, by special law, to lay out and open a public road.

The question of what is meant by the words "lay out," when used in reference to roads and highways, has frequently been before the courts, and it has practically universally been held that the term is

comprehensive and includes all the steps necessary to establish a highway for public use, including the location of the road, the acquiring of the right of way, and the dedication to the public in the manner provided by law. *Town of Wolcott* v. *Pond,* 19 Conn. 597; *Hough* v. *City of Bridgeport,* 57 Conn. 290, 18 Atl. 102; *Decker* v. *Washburn,* 8 Ind. App. 673, 35 N. E. 1111; *Chicago Anderson Pressed Brick Co.* v. *City of Chicago,* 138 Ill. 628, 28 N. E. 756; *Borrowdale* v. *Board of County Commrs.,* 23 N. M. 1, 163 Pac. 721, L. R. A. 1917E 456; *Feagins* v. *Wallowa County,* 62 Or. 186, 123 Pac. 902; *Leahy* v. *Street Commrs.,* 209 Mass. 316, 95 N. E. 834. The legislature is, therefore, prohibited from establishing a public highway by a special act, and that portion of the chapter directing the Highway Commission to designate the road described therein as a state route and part of the state highway system is clearly unconstitutional. Indeed, this is not seriously contested by petitioner, but it claims, apparently, that the portion of the act which orders the commission to supervise and maintain the highway described therein merely appropriates money for the improvement and maintenance of a highway already established, and it cites to us the case of *Rowland* v. *McBride,* 35 Ariz. 511, 281 Pac. 207, as holding that this may be done. The constitutional question raised in the present case was neither suggested nor discussed in the case just cited. The act construed therein reads as follows (chap. 101, Sess. Laws 1927):

"Be It Enacted by the Legislature of the State of Arizona.

"Section 1. There is hereby appropriated out of the General Fund of the State of Arizona, not otherwise appropriated, the sum of one hundred fifty thousand dollars, or so much thereof as may be necessary to be expended under the direction of the State Engineer, for the purpose of improving the highway in Pinal and Maricopa counties, extending from Casa

Grande in Pinal county to Gila Bend in Maricopa county.

"Section 2. The State Auditor is hereby authorized and directed to draw his or her warrants upon the General Fund for all claims for the construction and improvement of said highway when approved by the State Engineer in amounts not in excess of the appropriation hereby provided for, and the State Treasurer is hereby directed to pay the same."

It will be seen that this act is nothing but a direct appropriation of money to be expended in improving a certain highway. We think that the two cases are very different. In the Rowland case it was assumed by all the parties that a public highway already existed, and the legislature had merely appropriated money to improve the same, and the principal points decided were that the Highway Commission could not use the money appropriated on any other road than that prescribed by the legislature, but neither could it be compelled to expend the money on the designated road. We think the Rowland case is not authority for the contention of the petitioner, but rather to the contrary, for it distinctly holds that the highway commission cannot be *mandamused* to spend the money appropriated by the legislature, since it may at any time vacate the entire road.

There is, however, a more serious objection to the petition. In the present case the complaint nowhere alleges that the road referred to by chapter 26, *supra,* is a legal public highway, nor does the chapter state it is. In the absence of a pleading to the contrary, it might perhaps be assumed that the words "that certain highway," contained in the chapter, referred to a legally established highway. But this construction is challenged by an allegation, both in the motion to quash and in the answer, that it is not a public highway, but merely a road over certain private

and public lands which has never been established as a public highway in the manner required by law, and this allegation is not challenged by the petitioner, so that we must assume it to be true. It is hardly necessary to state that neither the county nor the state may expend money upon what, as a matter of law, is merely a private right of way and not a public highway. Section 7, article 9, Constitution of Arizona; *Champie* v. *Castle Hot Springs Co.,* 27 Ariz. 463, 233 Pac. 1107. We held in the case just cited that from 1901 to 1925 there was but one legal way for establishing a public road within the state of Arizona, which was carefully set forth in the Codes of 1901 and 1913, and that a public highway by user and prescription did not and could not exist within this state. The legislature later provided two methods for the establishment of public roads, one for a county highway and the other for a state highway. But in both cases the highway had to be established by a very formal and definite procedure under the general law, and not by user, prescription, or special act. *Apache County* v. *Udall,* 38 Ariz. 488, 1 Pac. (2d) 340. Since it is alleged, and not denied, that the road referred to in chapter 26, *supra,* was never legally established as a state or county highway in the manner prescribed by law, and since the legislature may not establish a highway by a special act, such road is not, within the meaning of the law, a public highway, and that portion of the act directing the expenditure of state money thereon cannot stand. If it be deemed advisable by either the supervisors or the Highway Commission to establish a public highway in the manner provided by law, the legislature, of course, may thereafter, under the authority of *Rowland* v. *McBride, supra,* appropriate money which may, in the discretion of the Highway Commission, be expended in its supervision and maintenance, but until such a highway is first established it cannot appro-

priate state funds to be spent thereon, nor direct that it be maintained from the general appropriation for the Highway Department.

The motion to quash the writ heretofore issued is granted.

McALISTER, C. J., and ROSS, J., concur.