NORMAN COLLISON, JAMES H. LATCHUM and CLARENCE E. GRACE, Respondents Below, Plaintiffs in Error, v. THE STATE OF DELAWARE, upon the relation of Percy Warren Green, Plaintiff Below, Defendant in Error.

(*October* 25, 1938.)

WOLCOTT, Chancellor, HARRINGTON and RICHARDS, J. J., sitting.

*E. Ennals Berl* and *Josiah Marvel, Jr.,* for Plaintiff in Error, Clarence E. Grace.

*Hugh M. Morris, S. Samuel Arsht* and *James M. Tunnell, Sr.,* for Plaintiffs in Error, Norman Collison and James H. Latchum.

*Percy Warren Green,* Attorney-General, in *propria persona, James R. Morford* and *H. Albert Young* for Defendant in Error.

Supreme Court, No. 3, June Term, 1938.

WOLCOTT, Chancellor, delivering the opinion of the court:

When occasion arises to refer to the parties, the designation of them will be as in the court below. The defendant in error will be called the relator and the plaintiffs in error will be called the defendants.

The statute creating the Industrial Accident Board was enacted in 1917. The statute is known and cited as the *Delaware Workmen's Compensation Law of* 1917, and appears as *Chapter* 175 of the *Revised Code of* 1935, § 6071 *et seq.* It confers jurisdiction upon the Board of all cases arising under the compensation schedules of the act and entrusts to the Board the general administration of the act's provisions.

*Section* 23 of the *Act* (*Revised Code* 1935, § 6093) creates the Board. Since the particular question here involved has to do with the title to office of members of the Board, it is necessary to quote no more of the language of the act than that which is pertinent in that connection. The portion thereof which is of immediate interest is found in *Sec.* 6093 of the *Revised Code of* 1935, and reads as follows:

"Such appointments shall originally be as follows: one member shall be appointed for the term of two years, another for the term of four years and another for the term of six years. Thereafter, as the terms of office of members expire, either by death, resignation, removal from the State, or otherwise, appointments shall be made for terms of six years each.

"Each person appointed under the provisions of this section shall hold office until his successor is appointed and qualified. The Governor may remove any member of said Board with or without cause. * * *"

In removing the old members of the Board, the Governor assigned no cause for his action and afforded them no opportunity to be heard in opposition.

The Governor relied on the express language of the act wherein it is provided that he "may remove any member of said Board *with or without cause*," in support of the power he assumed to exercise. That the act intended to confer on him the arbitrary power of removal is too plain for argument. The fact that the act provided that the first appointees should be appointed for terms respectively of two, four and six years, and that thereafter the appointments should be for six years, might be said to indicate an intent that the Board should always have in its composition at least two experienced members, and so to negative the suggestion that such a complete change of personnel as would be involved in the contemporaneous removal of all the members, was ever intended. This is the argument of inference. It is inference drawn from only a portion of the act. It ignores the express provision that any member may be removed with or without cause. No limitation is put upon

the power of removal either as to the time of its exercise in relation to the various members or as to the number that may be removed. Where inference is confronted by express denial of its truth, it must be rejected.

We repeat, then, that it is too plain for argument that the act *intended* to confer on the Governor the power arbitrarily to remove the members of the Board.

In so far as legislative intent is concerned, nowhere, either in the opinion of the court below or in the brief of argument of the relator, is it seriously suggested that the power which was conferred was not intended to be general in its scope and arbitrary in its exercise.

The sole ground of attack by the relator, both in the court below and in this court, consists in the contention that the General Assembly acted in violation of constitutional restraint when, having created an office with a term of six years, it proceeded to confer upon the Governor the power to remove with or without cause the incumbent thereof before the expiration of the six year period.

The court below held that the office of member of the Industrial Accident Board is an office having a definitely fixed term, and that under the constitution of this State it is beyond the power of the General Assembly when it creates an office with a fixed term to confer on the Governor an arbitrary power of removal therefrom. While there is no express inhibition in the constitution against the conferring of such power upon the Governor in the case of a statutorily created office, the court below held there was a clear implication in the constitution to that effect. Hence it concluded that the removal clause is in conflict with the constitution and is therefore void. Wherefore judgment of ouster was entered.

The question of the constitution's interpretation engaged the attention of the court below throughout most of

its opinion, which is reported in full in 9 *W. W. Harr.* (39 *Del.*) 245, 197 *A.* 836.

Having arrived at the conclusion that it was beyond the power of the General Assembly to create an office of a fixed term and at the same time to authorize the Governor arbitrarily to remove an incumbent thereof before the expiration of the specified term, the court below then proceeded to examine the statute with the view of ascertaining whether or not the offices created by it were in fact offices with fixed terms and so beyond the power of the General Assembly to authorize removals therefrom, under the constitution as constructed. The conclusion was reached that the statute was intended to create offices of fixed and definite tenures of six years each; and having reached that conclusion the court below applied the implied prohibition of the constitution to the removal clause and held it to be void.

Now it is apparent that one of the essential premises upon which the conclusion of the court below is based is, that the office of a member of the Industrial Accident Board is an office having a rigid term of a fixed number of years. Unless the office has that characteristic, viz., the characteristic of a definitely fixed term, there can be no occasion for consideration of the constitutional question. The opinion of the court below shows very clearly that it is framed on that theory.

There is nothing in our constitution which expressly requires the legislature in creating offices to affix to them terms of definite duration. Neither is anything to be found therein which is impliedly to that effect. The only use of the word "term" found in the constitution which can in any sense be attributable to statutory offices is in the bill of rights (*Art.* 1, *Sec.* 19), where it is provided that no office shall be created or exercised for a longer term than during good behavior. But as is apparent, this provision does not purport to require the legislature when an office is created

to give to it a fixed term. All it does is to require that the tenure of office shall in no case extend beyond good behavior, and it is equally applicable to both constitutional and statutory officers, regardless of whether the term be one of a fixed or of an indefinite duration.

It is to be observed that in the impeachment article (*Art.* 6) of the constitution the penalty on conviction is in part simply "removal from office" and in *Art.* 3, *Section* 13, where the Governor is empowered to remove an officer on the address of two-thirds of the legislature, his authority is simply to "remove any officer." In *Art.* 15, *Section* 6, the language is—"all public officers shall hold their offices on condition that they behave themselves well." In all of these provisions the language is so phrased as to avoid any inference that the contemplated tenure of or the contemplated removal from offices was necessarily associated with offices having fixed terms.

Now if a constitution contemplates that all statutory offices shall have a duration of a definite term for their occupancy and contains provisions for removal of incumbents before the expiration of such terms, it would be arguable that the legislature possessed no power to provide for a removal of an incumbent before the expiration of the term otherwise than as the constitution provided. This is for the reason that the connotation of "term" as applied to an office is that of a fixed and definite period (*Speed & Worthington v. Crawford,* 3 *Metc.* (*Ky.*) 207; 46 *C. J.* 963, citing other cases), and therefore, if the legislature attempted in creating the office to authorize the ousting of the incumbent of the term independently of the constitutional method of removal, it would be equivalent to an attempt by the legislature to provide by statute for removal of an officer from his constitutional term of office. It would be so arguable, though we do not mean to say the argument would be convincing. All we are saying is that the argument could be made.

But no such argument is possible in this case, because as above shown the use of the word "term" with all of its connotations is not to be found in our constitution in association with statutory offices in any sense that admits of the argument.

■■ The result then is that offices of statutory creation in Delaware are left in the sole discretion of the legislature in respect of the term or duration of their incumbency, unaffected by any constitutional limitation, other than this—that the legislature can in no case extend the tenure beyond good behavior. Within the limits defined by good behavior, the legislature is free to make the term of an office created by it long or short according as it sees fit in the exercise of its discretion. As there is nothing in the Delaware constitution which requires the legislature in the creation of statutory offices to prescribe fixed and definite terms for their occupancy, it must necessarily follow that no constitutional inhibition exists against the creation of such an office to be held during the pleasure of the appointing power. This is because of the familiar principle which is nowhere questioned, that in the American States, as distinguished from the Federal Government, the legislative power is as broad and ample in its omnipotence as sovereignty itself, except in so far as it may be curtailed by constitutional restrictions express or necessarily implied.

In *Hoke v. Henderson*, 15 *N. C.* 1, 25 *Am. Dec.* 677, the Supreme Court of North Carolina said: "Undoubtedly, the creation of an office is a question of political expediency; so is the qualification of the officer; and so are his duties, perquisites, punishment, and the tenure by which he holds his office. By consequence, they are the subjects of legislative regulation. And as the creation, so is the continuance of the office, a question of sound discretion in the Legislature, of which a court cannot question the exercise * * *. The public interest [referring to the same as reflected in

the North Carolina constitution] did not require that any law should be laid down to the Legislature as to the tenure of those offices; but it was left to their discretion, as expediency might from time to time require it to be altered. It was therefore in the power of the Legislature to confer such offices for life, or during good behavior, *or during pleasure,* or for any term of years, determinable with life at an earlier day." Though this case was later disapproved by the Supreme Court of North Carolina in *Mial v. Ellington,* 134 *N. C.* 131, 46 *S. E.* 961, 65 *L. R. A.* 697, the disapproval was with respect to the point that the right to hold public office constitutes a property right. In no way did it disturb the proposition which the above quoted excerpts establish. The Supreme Court of Washington in *State v. Burke,* 8 *Wash.* 412, 36 *P.* 281, stated it as well settled [page 283] "the legislature, in creating an office, may limit the duration of the term in any way it deems fit, if there is no constitutional provision which would fix the term. It might make it determinable at the pleasure of the governor, or any other person." No authority is to be found anywhere against the proposition that, absent a constitutional inhibition, the power of the legislature as the repository of the legislative power with its broad and ample sweep, has full and unrestrained authority to exercise its discretion in any manner it sees fit in its wisdom or even folly to adopt, to give to offices it creates terms of fixed or indefinite tenure, even for life, and to prescribe for removal therefrom according as its discretion would prompt it to provide.

The court below in substance recognized this principle when it said that, if no inhibition of the constitution forbids, "when an office is created by the statute of a state, it is wholly within the power of the Legislature creating it, and the legislative power extends to the subject of regulating removals from office."

There being neither an express nor an implied prohibition by our constitution of a power in the legislature to adopt whatever regulations it may see fit regarding the length of tenure which shall attach to the incumbency of an office created by it, it is in the discretion of the legislature to make the tenure, if it sees fit to do so, an indefinite one, to be held during the pleasure of the appointing power. Now as the greater includes the less and as the whole embraces all its parts, it logically follows that if the legislature can create an office of a general indefinite tenure which may extend for life, to be continued to be held, however, only during the pleasure of the appointing power, it can also create an office with a tenure for a less period than a possible life, viz., for a defined period, to be held, however, only during the pleasure of the appointing power. So convincing is the logic which leads to that deduction that authority for its application need not be cited. But if any is desired, it may be found in *McCran, Atty.-Gen., v. Gaul*, 95 *N. J. L.* 393, 400, 112 *A.* 341, 344, affirmed 96 *N. J. L.* 165, 112 *A.* 603, where it was said that if the legislature could create an office with an indeterminate term, and clothe the Governor with power of removal at his discretion, the court could not see why, if that were so, the legislature could not create an office for a fixed term and attach thereto a power of removal in the Governor.

Now having arrived at this point in our discussion, it is next in order to examine the statute for the purpose of discovering just how it is to be interpreted with respect to the term of office which it prescribes for members of the Industrial Accident Board.

The relator contends that the statute is to be construed as creating a fixed and rigid term marked by a definite number of years for its duration, and that the removal clause cannot properly be considered as an element in the definition of the length of the term; but rather it is to be

considered as an independent provision for removal. The court below accepted this contention. When the opinion of the learned Chief Justice who spoke for the court below is analyzed it will be found necessarily to rest on the proposition that the removal clause is in no sense a part and parcel of the statute's definition of the term or duration of an appointee's incumbency, but is something entirely independent of the conception of the statutory prescription of the term's duration, for his opinion recognizes that if the removal clause is properly to be regarded as showing a legislative intent to ascribe indefiniteness to the tenure at the inception of its commencement, rather than as a defeasible provision for ousting of an incumbent from a term that was intended by the legislature to possess the quality of fixed definiteness at its commencement, then the clause would possess no constitutional vice.

The greater part of the opinion below is devoted to consideration of the question of whether there is an implied prohibition in the constitution against the exercise by the legislature of a power to provide for a statutory method of removal from a legislatively created office having a fixed term of years for its tenure. The court below held that there was such an implied prohibition. It then proceeded to construe the statute in question as meaning to create offices with such fixed terms and, having interpreted the constitution as it did, it held that the removal clause was in conflict with the implication of the constitution and accordingly void.

Manifestly, therefore, if the statute is construed not as creating an office with a definitely prescribed and fixed term, but rather as creating an office for an indefinite term, no occasion arises for considering the constitutional question which engaged the attention of the court below throughout the greater length of its opinion.

The defendants contended below as they do here, that the statute is susceptible of interpretation as meaning that the office of member of the Industrial Accident Board is an office having an indefinite term. If it so means, then the premise upon which the alleged unconstitutionality of the removal clause rests is removed and the clause is therefore constitutionally valid. There is nothing anywhere in the opinion below or in the brief of the relator to the contrary of this view, and as we have before indicated it is in accord with fundamental principles and in harmony with judicial opinion to which, so far as our research reveals, there is a complete want of dissent.

What then does the statute mean? How is it to be interpreted with respect to the term? Is the term a fixed and definite one for years and the removal clause a separate, distinct and independent provision having no connection with the definition of the term's length? Or is the term one that is compounded of two things, viz., years and the appointing power's, the Governor's, pleasure, so as to make it indefinite with an outside limit for its duration?

The court below was of the opinion that the construction is an impossible one which would ascribe to the tenure anything other than that of a fixed number of years. In other words it refused to allow to the removal clause any significance whatever as indicating a legislative intent that indefiniteness within the six year period is the character of the term's duration.

If the statute is in reason susceptible only of the construction placed upon it by the court below and of no other construction, then it would follow that the constitution would require to be construed with the view of determining whether the statute as so construed was within its implied condemnation.

But we are of the opinion that the construction placed upon the statute by the court below and insisted upon

by the relator, is not the only construction of which the statute is reasonably susceptible. It is also susceptible of the construction that what was intended was to create an office to be held during the pleasure of the Governor but in no case for longer than six years. Great stress is laid by the relator, as was laid by the court below, on the language of the act—"for terms of six years each." But we are not to look alone to one word, or phrase or sentence in an act for ascertainment of its meaning. "All words of a statute," as was pointed out by the court below, "must, if possible, be given effect" * * * and "effect if possible must be given to every word and phrase of the statute so as to render it a harmonious whole." This is a principle of construction which is familiar and of universal acceptance.

■ Effect is undoubtedly to be given to the words— "for terms of six years." But effect is also to be given to the words—"the Governor may remove any member of said Board with or without cause." The court below found these two provisions absolutely repugnant and utterly incapable of harmonious reconciliation, and so struck down the clause dealing with removals as unconstitutional. Now if the two provisions are not so repugnant to each other as to be incapable of being blended into an harmonious reconciliation, it is the duty of the court to so blend them. This is in accordance with the cardinal rule of construction which the court below recognized that a statute must be so construed, if fairly possible, as to avoid the conclusion that it is unconstitutional.

■ The provisions that the terms shall be for six years and that the Governor may in substance summarily remove a member of the Board at any time before the expiration of the six year period, are reasonably capable of reconciliation. The one provision is vested with no more sanctity as an expression of the legislative will than the other. Both can be given effect. Kent in *Volume 1, page*

461, of his *Commentaries* states the rule to be that "in the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter." To the same effect is the language of another authoritative writer who phrased the principle as follows: "The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the Legislature apparent by the statute; and, if the words are sufficiently flexible to admit of some other construction, it is to be adopted to effectuate that intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act * * * the manifest reason and the obvious purpose of the law should not be sacrificed to a literal interpretation of such words." *Lewis' Sutherland Statutory Construction*, 2d Ed., § 376. The force of this principle is the more compelling when the statute within itself contains express language in one clause which refutes the import of the literal language of another.

Taking the two provisions together may it not be reasonably said that, notwithstanding the literal language and the form in which the six year clause is expressed, the *intention* of the legislature as shown by the removal clause was that members of the Board should hold office for six years unless sooner removed by the Governor, or, putting the thought in another and clearer way, that they should hold their offices during the pleasure of the Governor but in no event longer than six years? The difference between saying "for six years, but the Governor may remove" and "during the pleasure of the Governor but for not longer than six years," is a difference only in manner of expressing the same fundamental thought which is that the term shall be an indeterminate and indefinite one not exceeding in any event the period of six years.

That such a construction as the above interrogation asks is not so fanciful as to be unreasonable and therefore to be rejected as not fairly possible, is demonstrated not alone by original reasoning without regard to judicial authority supporting it, but as well by the fact that reported cases are to be found where eminent judges have in fact adopted it. A review of those cases will now be made.

In *State v. Mitchell,* 50 *Kan.* 289, 33 *P.* 104, 106, 20 *L. R. A.* 306, the statute provided that railroad commissioners should be elected by the executive council and that when so elected they should "continue in office for the term of three years from said date," and in another sentence of the same section provided that "the executive council may at any time remove such commissioners, or any of them, and elect others to fill the vacancy." This statute was in almost the exact pattern of our own. A reading of the opinion, especially in light of the argument urged before the court in behalf of the defendant, clearly shows that the court construed the statute to create an office not with a definite term but one to be held during the pleasure of the electing power for not more than three years. The way the court expressed it was for "three years, unless sooner removed by the executive council." The *Kansas Constitution, Article* 15, § 2, provided that "the tenure of any office not herein provided for may be declared by law. When not so declared, such office shall be held during the pleasure of the authority making the appointment." This being the constitutional provision, it was contended in behalf of the defendant that the term was fixed by the statute for three years and so was, in the language of the constitution, "declared by law." The removal clause, it was contended was "independent of, and in no sense qualifies the clear and absolute character of, the declaration of the term or tenure. Having fixed the term, any provision following [manifestly referring to the removal clause] which does not inhere in

the description of the period of the natural term, if it would have the effect to cause the office to be held at the pleasure of the authority making the appointment, must be held unconstitutional and void." Such was the contention of the defendant. It shows clearly that the sole point in the case was the narrow one of whether the term was a fixed one of three years with an independent removal clause playing no modifying or qualifying part in the definition of the term's duration, or whether the term was one of indefinite duration and so, under the constitution, one to be held during the pleasure of the appointing power. The court held that the removal clause was to be read along with and harmonized with, the three year clause; and in substance that the term, as a resultant of the two together, was one of indefiniteness within the outside limit of three years. The case therefore is an authority which is directly in point upon the precise question which lies at the heart of the case before us, and sustains the position of the defendants. It is an especially strong authority in support of the defendants' position, because the Kansas statute provided that when a vacancy occurred by resignation or otherwise (which included by removal) the election of the successor should be for the *"residue of the term."* This phrase might with some plausibility suggest that the term was a fixed one of definite duration with no indeterminate feature connected with it. Argument to that effect was in fact made as the report of the case shows. It is an argument so sufficiently forceful that when it was advanced in *Williams v. State,* 197 *Ala.* 40, 72 *So.* 330, *Ann. Cas.* 1918*D,* 869, it constituted the cleavage which split the Supreme Court of Alabama into a division of four to three. But the Kansas court, notwithstanding the forcefulness of the argument which can thus be drawn from the phrase "residue of the term" was nevertheless not moved thereby to ascribe a fixed definiteness to the term. Now in the case before us there is no

reference in the statute to a "residue of the term" after removal. In this case the provision is that when a vacancy occurs "either by death, resignation, removal from the State, or otherwise" (which of course must include vacancy by removal by the Governor) the appointment shall be, not for the residue of a vacated term, but for a new term of six years. Thus it cannot here be argued, as was argued unsuccessfully in Kansas and successfully in Alabama, that after a removal, what would be filled by subsequent appointment would be the remainder or residue of a term, with its connotation of fixed definiteness in the length of its duration. Under our statute the language is such as to show that upon removal, an old term has ended and a new one is commenced.

The Kansas case is therefore an authority in support of the idea that the combination of the years clause and the removal clause results in the ascription of indefiniteness to the term, which is much stronger in its persuasiveness than the necessities of the instant case, due to the above variation in the statutory provision respecting appointment to vacancies, require for the support of the defendants' position.

The court below disposed of the Kansas case by observing that the Kansas court "was not embarrassed by any constitutional limitation on the legislative power with respect to removals." 9 *W. W. Harr.* (39 *Del.*) 245, 197 *A.* 860. In view of the contention which the report of the Kansas case shows was made, viz., that if the term was a fixed one the Kansas constitution had negatived the idea of a tenure of office at the pleasure of the appointing power, it would seem that there was to an extent at least a constitutional inhibition involved. But even if it were otherwise, that is to say if there were no constitutional question in the case, then the force of the decision is the more impressive. This is because the case would then resolve itself into one of straight statutory construction, uninfluenced by the consequences of

constitutional invalidity which would have ensued if the construction adopted had been rejected. In the case before us, if the reasoning of the Kansas court is not accepted, unconstitutionality might result. Therefore the reasoning of the Kansas court which received the approbation of the court on what seemed to it to be the reasoning's own inherent merit, is strengthened in the cogency of its appeal for acceptance here, by an additional impelling force, supposed to be absent in Kansas, viz., that if our constitution means what the relator contends for, a rejection of the reasoning will result in striking down the removal clause as null and void. The rule which solemnly enjoins upon courts the duty of so construing statutes, if reasonably possible, as to avoid a declaration of unconstitutionality would be thereby offended.

We have commented on *State v. Mitchell, supra,* at length because of its close relevancy to the case at bar upon the question of statutory construction. The case is clearly to the effect that the clause of a statute fixing a term of years for an office and a concomitant clause providing for removal by the appointing power before the expiration of the period, are to be construed together, and that when so construed the result is that the legislative intent is to be understood as having been to create an indefinite tenure within a term of years.

Other cases are to the same effect. Among these, *Williams v. State, supra,* is of special interest. It was decided by a closely divided court, four judges constituting the majority and three the minority. The office involved was the office of commissioner of the City of Mobile. The statute created the office with a term of three years and in a later provision provided for the arbitrary removal of a commissioner by recall before the expiration of the three year period. The constitution enumerated the causes for which officers of cities could be removed. The majority of the

court held that the provision for arbitrary removal was constitutionally void since the removal, being arbitrary, was not confined to any one of the constitutionally enumerated causes for removal of city officers. The sole point in the case was whether the term of office was for a fixed as distinguished from an indefinite period. If it was for a fixed term, the removal clause was unconstitutional; if for an indefinite term, the removal clause was then but the element that contributed the indefiniteness and so the clause was not unconstitutional. That was the legal point at issue. The majority of four held that the term was for a fixed period; the minority of three, that the removal clause made the term an indefinite one. The minority described it as for "an indeterminate period within * * * three years * * * an indeterminate tenure for a period not to exceed, three years * * * not * * * a definite term, but an indeterminate tenure." [*pages* 334, 335, 336.] A careful reading of the opinions, including the remarks of the Chief Justice on a rehearing, shows we think quite conclusively that if it had not been for the provision of the statute to the effect that on removal the successor should hold for "*the unexpired term* unless sooner recalled" (quoting from the Chief Justice on rehearing), the court of seven judges would have been unanimous in holding that the removal clause should be construed as having the effect of making the term one of indefinite tenure and therefore the clause would have been a valid exercise of legislative power. Since, as before remarked, the statute before us does not provide that the successor, after a removal shall hold office for an unexpired term or for a residue of a term, but shall enter upon an entirely new term, it follows that the point which divided the Alabama court is not assertable here. The opinions in *Williams v. State, supra,* therefore reveal that in a case such as the instant one where the point that divided the Alabama court is not a factor in the decision, all seven of the judges

were of the opinion that the removal clause when construed with the term-of-years clause should be understood as making the term an indefinite one.

In *State v. Burke,* 8 *Wash.* 412, 36 *P.* 281, cited *supra,* the office involved was that of a member of the State Capitol Commission. The statute, *Laws* 1893, *p.* 462, § 1, provided that the commissioners should "hold office till the completion of said building and the acceptance thereof by the state, unless sooner removed for cause, by the governor." The question was squarely before the Supreme Court of Washington of whether the term of office was a definite or indefinite one. The court said that if the term depended solely upon the provision in the act that the commissioners should hold office till the completion of the building and an acceptance thereof by the state, the court would regard the term as a fixed and definite one—"as much so as if the act prescribed that the term should be for two years." [*page* 282.] Therefore, the statute was in point of law just as though it read—for a term of two years unless sooner removed by the Governor. Now while in one clause the phraseology spoke the language of fixity and definiteness for the term, the Supreme Court said that the removal clause must be construed with it, and when so construed it must be concluded that as the removal clause was a limitation on the prior clause, the term was intended by the legislature to be an indefinite one. The only difference between that case and this one as regards the question of statutory construction is that the removal clause here is not in the form of "unless sooner removed by the Governor." That is a difference, however, not in essential substance of meaning but only in the form of expression. Surely the constitutional fate of a legislative enactment should not be made to turn on the choice between two possible modes of expression when the underlying thought conveyed by each is the same.

In *State v. Prater,* 48 *N. D.* 1240, 189 *N. W.* 334, the statute created the office of Commissioner of University School Lands, to be appointed by the board of university and school lands. The term of office was for "two years * * * subject to removal by the board." *Comp. Laws* 1913, § 296. The Commissioner was removed by the board before the expiration of the two year period for which he had been appointed. No cause for removal was alleged against him and no hearing was afforded him. The Supreme Court of North Dakota stated it as conceded that "a public officer, *appointed for a definite term* [italics ours] with a delegated power of removal granted to the appointive power, can only be removed for cause after notice and hearing." [*page* 335]. Since the board had removed the Commissioner without alleging a cause and without prior notice and a hearing, the question which the case put squarely before the court, in view of the conceded proposition of law, was whether or not the tenure of the Commissioner's office was "for a definite term." The statement by the court of the respective contentions of the parties quite clearly shows that to have been the precise legal question which the court was called upon to decide. The ousted defendant contended that he had been "appointed for a specific term; that the statute prescribes a specific term (*Sections* 285, 296, *C. L.* 1913) ; that he was not holding such office at the pleasure or discretion of the board." The relator, the new appointee, maintained that "the term of the defendant was not for a definite two-year period, but is subject to the limitation 'subject to removal by the board,' which necessarily implies that the board, in its discretion, may sooner remove the Commissioner; that the Legislature might abridge the term by express words, or might specify an event upon the happening of which the term would end." The question was stated by the court as "entirely one of statutory construction and interpretation." Thus the case was posited before the North

Dakota court exactly as the instant case, in the branch of it we are considering, is posited before us, viz., on the interpretation of the statute. The answer which the North Dakota court gave to the question of whether the office involved was one having a definite term for its tenure was in the negative. The holding was that the act granted an arbitrary power of removal "and made the term of the Commissioner depend upon a limitation."

In *People ex rel. Gere et al. v. Whitlock et al.*, 92 N. Y. 191, the Mayor of the City of Syracuse summarily removed relators from the offices of police commissioners of the city. The statute creating the offices provided for terms of incumbency and clothed the Mayor with power to remove from office any commissioner "for any cause deemed sufficient to himself." The Court of Appeals in sustaining the arbitrary removal power of the Mayor said, "the office was created by the legislature, and they might abridge its term by express words, or specify an event, upon the happening of which it should end. * * * In this case the event specified by the legislature is removal by the mayor." Thus the removal clause, when acted upon, was treated by the Court of Appeals as defining a limitation upon the term which the statute created.

The foregoing citations of authority show that where the question has arisen in a direct way courts of ultimate authority in their states have decided that where the term of a statutory office has been defined as for a definite term of years with a provision, however, for removal by the appointing power before the expiration of the named period, the two provisions, when read and construed together, as they must be according to the well known canon of construction governing the subject, result in the view that the term is an indefinite one, to be held during the pleasure of the appointing power, but ending in any event not later than the specified number of years. If we were

to resort to the law of property to borrow the analogy of its terminology, we think the statement is amply justified by the above cited authorities that the removal clause in this statute operates not as a condition but as a limitation.

The only case to which our attention has been called which can be said in any way to run counter to those authorities is the case of *Townsend v. Kurtz,* 83 *Md.* 331, 34 *A.* 1123. That case was concerned with the title to office of Insurance Commissioner. A statute created the office and provided that the commissioner "shall be appointed * * * for the term of four years * * * and shall hold his office during the term for which he is appointed * * * unless sooner removed by" the appointing power. The court did say in its opinion that the tenure was a definite and not an indefinite one. But this statement appears to be dictum which was in no wise necessary to the court's decision. The court sustained the authority of the appointing power to effect the removal even without cause. The "real question" in the case, quoting from the court's own language, was whether the appointing power could remove without cause, in other words arbitrarily. If the term, though for years was during pleasure and therefore indefinite, the power to remove was of course self-evident; if the term was definite as said by the court, the power to remove was nevertheless held to be equally operative. The result of the Maryland court's decision therefore was that, whether the office was one with a definite or indefinite term, it was in the power of the legislature to authorize a removal therefrom by the appointing power in its absolute discretion. The question of definiteness of the term was therefore not involved in the case and the court's expression of opinion on the point was therefore dictum that was unnecessary to its decision.

In *Fletcher v. Peck,* 6 *Cranch* 87, 3 *L. Ed.* 162, Chief Justice Marshall declared that "whether a law be void for its repugnancy to the constitution, is, at all times,

a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case," and that it is "not on slight implication and vague conjecture that the legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility." There is a presumption in favor of the constitutionality of an act of the legislature. This court has spoken of it as "the usual presumption." *Clendaniel v. Conrad et al.*, 3 *Boyce* 549, 593, 83 *A.* 1036, *Ann. Cas.* 1915B, 968. The old Court of Errors and Appeals of this State in *Bailey v. Philadelphia, W. & B. R. Co.*, 4 *Harr.* 389, 44 *Am. Dec.* 593, said—"we are never to suppose an intended violation of the constitution". As a corollary of the proposition that the legislative power is never to be supposed to intend to violate the constitutional restraints which are laid upon it, it is the universal rule that judges are under a duty, out of respect to a department of the government which is coordinate with the one they administer, to strive as hard as reason and conscience will permit, to select between two possible interpretations of a statute that one which will bring the statute in harmony with the fundamental law of the constitution and reject that one which will result in its destruction. The courts of this State have frequently declared themselves to be bound by that duty. Among the cases where the rule has been either announced or applied are *Bailey v. Philadelphia, W. & B. R. Co., supra; Clendaniel v. Conrad et al., supra.* A great Chief Justice of Pennsylvania said that "to doubt is to be resolved in favor of the constitutionality of the act." Sharswood, C. J., in *Commonwealth v. Butler*, 99 *Pa.* 535.

These are controlling principles which we must keep in mind when we approach the question of the constitutionality of the removal clause as the same appears in the act.,

We have two possible constructions of the act—one which allows nothing to the removal clause as playing a part in the definition of the term's duration, and the other which allows to that clause a part in the definition. If the former be accepted and the constitution is to be understood according as the court below construed it, the clause is void and the legislative will is frustrated; if the latter be accepted, then the term becomes an indefinite one and the legislative will is sustained as constitutionally valid.

Now we have before shown that authorities of deservedly high repute have been able after careful deliberation to harmonize such clauses in an act as we have before us so as to arrive at the conclusion that the net result of the act's meaning is that the term of office is one of indefiniteness, and this where no threat of unconstitutionality added its impelling force to their conclusion. As against those authorities, we have found only one expression to the contrary which was solely by way of obiter dictum. In view of that state of judicial opinion elsewhere, can it be said that the construction which the decided weight of judicial pronouncements has approved is so impossible of fair support in reason as to be rejected? We think not. If not, then the rule prevails that where a construction of a statute may be given which is fairly reasonable, such construction will be adopted if its adoption is necessary to sustain the act's constitutionality, and the opposite construction, though equally possible, will be rejected if its acceptance would result in unconstitutionality.

This is not a case where we are at liberty to select as a matter of reasoning, uninfluenced by the consequences of unconstitutionality, which of two possible constructions is preferable. All that we are called on to do in this case, under settled principles of law, is to say whether or not there are two fairly possible constructions. Having found two such constructions to be fairly possible as we have, we are

enjoined by the delicacy of our task to adopt that one which will sustain the act as constitutionally valid.

We are aware that in the judgment of many persons it is highly unwise for the legislature to create offices with an indefiniteness of tenure. We are not unsympathetic with that view. But it is the province of the legislature and not of the courts to pass upon matters of policy. The legislative hand is free except as the constitution restrains; and courts are bound by most solemn sense of responsibility to sustain the legislative will in the appropriate field of its exercise, even though in the opinion of the judges as individuals the legislature had acted in an unwise manner.

Courts will decline to consider the question of the constitutionality of a statute unless a decision can be reached on no other ground than the constitutional one. *Cantor et al. v. Sachs et al.*, 18 *Del. Ch.* 359, 364, 162 *A.* 73, 75. Following this principle, we have declined to consider the constitutional question which was so fully discussed in the opinion of the learned Chief Justice in the court below. As the constitutional question could arise only if the statute is construed as it was in the court below, we have confined our attention first to the construction of the statute. Having found a reasonably possible construction of the statute which obviates the question of its constitutionality, we have followed the well beaten path of judicial approach and left the constitutional question untouched. It therefore remains an open one in this court.

It is hardly necessary to observe that nothing herein said is to be understood as referring to constitutional offices.

For the reasons hereinbefore stated we conclude that the judgment below should be reversed.

RICHARDS, J., dissents.