306 P.2d 268

**COUNTY OF MARICOPA, a body politic,**
**Appellant,**

**v.**

**Margaret ANDERSON, a widow,**
**Appellee.**

No. 6188.

Supreme Court of Arizona.

Jan. 15, 1957.

Wm. P. Mahoney, Jr., Maricopa County Atty., and Charles L. Hardy and William S. Andrews, Deputy County Attys., Phoenix, for appellant.

Dougherty & Connor and Virgil W. Chandler, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment dismissing the complaint of Maricopa County, a body politic (and corporate), as plaintiff, against Margaret Anderson, defendant, by which plaintiff sought, under the exercise of the power of eminent domain, to condemn a strip of land 33 feet wide, owned by defendant, lying along the south line of section 9, township 1 north, range 7 east, Gila and Salt River Base and Meridian, Maricopa County, Arizona, and more particularly described as lying between sections 9 and 18 in said township and range. It was alleged in the complaint that the board of supervisors had theretofore "established, opened and declared a county highway" along what is known as Elliott Road, which includes the strip of land above described.

The record does not disclose upon what ground the complaint was dismissed but we assume, from plaintiff's assignments of error, that it was dismissed upon the ground (1) that section 59–601, A.C.A.1939 (now § 18–201 et seq., A.R.S.1956), purporting to prescribe the procedure the plaintiff must pursue in its exercise of the power of eminent domain, is unconstitutional; (2) that section 17–309(4), A.C.A.1939

(now § 11–251, subd. 4, A.R.S.1956), and sections 27–901 to 27–921 A.C.A.1939, inclusive (now §§ 12–1111 to 12–1128 inclusive, A.R.S.1956), when considered together do not sufficiently set forth the authority and procedure to be followed to authorize the county to exercise the power of eminent domain in condemning private property for use as a public road; and (3) that plaintiff's amended complaint does not contain the allegations required by law to state the claim of a condemner. We will therefore discuss these questions in the order presented.

Counsel, both for plaintiff and defendant, agree with the view presumably taken by the trial court that section 59–601, supra, is unconstitutional as being in violation of the provisions of Article 2, Section 17 of the Arizona Constitution, A.R.S., and the question was discussed at length in their briefs.

There may be merit to the position of the trial court and of counsel. However, we decline to consider the constitutionality of that section for the reason that it is neither directly nor indirectly involved in this case and therefore, not necessary to a determination of the issues made by the pleadings. The amended complaint in the instant case is predicated solely upon sections 17–309(4) and 27–901 to 27–921 inclusive, supra. Nowhere in such amended complaint is any reference made to the provisions of section 59–601, supra, despite defendant's allegation in her answer that plaintiff is relying, in part, upon that section. In support of our position, 16 C.J.S., Constitutional Law, § 94, p. 307 states:

"* * * Indeed, it is well-settled that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question, and such rule should not be departed from except for strong reason and under extraordinary circumstances. * * *" Citing six pages of cases from all jurisdictions in support thereof.

In Board of County Com'rs of Wyandotte County v. General Sec. Corp., 157 Kan. 64, 138 P.2d 479 at page 489, the Kansas court said:

"Courts are loath to hold enactments of the legislature to be unconstitutional and this court has repeatedly held that there is time enough for it to pass upon the validity of a statute in that regard when the question is raised by some one who is hurt by it. * *"

and in Flanders v. City of Pueblo, 114 Colo. 1, 160 P.2d 980, 981, the court said:

"For the purpose of this decision we observe first that constitutional questions are not decided by the courts save in case of necessity, * * *"

342

and in Collison v. State, 9 W.W.Harr., Del., 460, 2 A.2d 97, 108, 119 A.L.R. 1422, the court said:

"Courts will decline to consider the question of the constitutionality of a statute unless a decision can be reached on no other ground than the constitutional one."

See Moore v. Bolin, 70 Ariz. 354, 220 P.2d 850; Reichenberger v. Salt River Project, etc., Dist., 50 Ariz. 144, 70 P.2d 452.

We will hereinafter point out that sections 17–309(4) and 27–901 to 27–921 inclusive, supra, provide adequate authority and every essential step in procedure for counties to condemn private property for use as a public road. Section 17–309(4), supra, provides, in so far as here material, that:

"The board of supervisors, under such limitations and restrictions as are prescribed by law, may:

\* \* \* \* \* \*

"4. Lay out, maintain, control and manage public roads, ferries and bridges within the county and levy such tax therefor authorized by law; \* \* \*"

We had occasion to construe the term "lay out" in Graham County v. Dowell, 50 Ariz. 221, 71 P.2d 1019, 1020, in which we said:

"The question of what is meant by the words 'lay out,' when used in reference to roads and highways, has frequently been before the courts, and it has practically universally been held that the term is comprehensive and includes all the steps necessary to establish a highway for public use, including the location of the road, the acquiring of the right of way, and the dedication to the public in the manner provided by law \* \* \*."

Therefore, in conformity with our pronouncement in Graham County v. Dowell, supra, and the cases cited in support thereof, we hold that the authority to "lay out" public roads given to the board of supervisors in section 17–309(4), supra, includes all the steps necessary to establish a highway for public use, such as making surveys, locating and marking its courses or boundaries, making maps thereof, declaring it to be a public highway, acquiring the right of way therefor, and doing whatever else is necessary as preliminary to construction.

We do not believe it can be successfully argued that sections 27–901 to 27–921 inclusive, supra, do not give to counties of the state the right to exercise the power of eminent domain in the establishment of highways, nor set up the procedure therefor, as we shall hereinafter show. Section 27–901, supra, provides that:

"Uses for which may be exercised. —Subject to the provisions of this chapter (article), the right of eminent domain may be exercised by the state, a county, city or political subdivision, or by any person, for the following uses:

\* \* \* \* \* \*

"4. \* \* \* toll-roads, by-roads, plank and turnpike roads and highways; \* \* \*."

Section 27–908, supra, provides:

"Entry and survey of property.— Where land is required for public use, *the state, or its agents in charge of such use,* may survey and locate the same; but it must be located in the manner which will be most compatible with the greatest public good and the least private injury. The land may be entered to make examinations, surveys and maps thereof, and such entry shall constitute no cause of action in favor of the owners of the land, except for injuries resulting from negligence, wantonness or malice. *Any person seeking to acquire property for any of the uses authorized is an agent of the state,* within the meaning of the term." (Emphasis supplied.)

It will be observed that section 27–901, supra, delegates to the counties of the state, the right to *exercise* the power of eminent domain. It will be further observed that the right granted to the counties is expressly limited to the right to *exercise* such power. The power of eminent domain is a prerogative of sovereignty and sovereignty is an attribute of the state where it must always reside. It represents the composite power of all of the people in the state except as limited by the State constitution.

■ A county is a creature of the state and while no part of sovereignty is vested in the county, it may be given the right to exercise that power as was done by the provisions of section 27–901, supra, but in doing so it is acting as the agent of the sovereign state. 14 Am.Jur., Counties, Section 3; Bignell v. Cummins, 69 Mont. 294, 222 P. 797, 36 A.L.R. 634; San Mateo County v. Coburn, 130 Cal. 631, 63 P. 78, 621; Glynn County v. Brunswick Terminal Co., 101 Ga. 244, 28 S.E. 604; Cook County v. Chicago, 311 Ill. 234, 142 N.E. 512, 31 A.L.R. 442. This appears to be the universal rule. Our eminent domain statutes, pertinent to this case, were adopted in large measure from California. In Montebello Unified School Dist. v. Keay, 55 Cal. App.2d 839, 131 P.2d 384, the California court held that the school district was the agent of the state in charge of the use for which the land was sought.

■ From the above, it follows therefore, that Maricopa County in "laying out" the proposed highway involved in this litigation and instituting this action to

condemn defendant's property for a public use, to wit, a public highway, was acting *as agent of the state* in exercising the powers of sovereignty. This conclusion is inescapable for the reason as above stated, the county possesses none of the powers of sovereignty itself and in the execution of its right to exercise such power, it necessarily acts as the agent of the sovereign, the State of Arizona.

In reaching this conclusion we expressly overrule the pronouncement of this court in County of Apache v. Udall, 38 Ariz. 488, 1 P.2d 340, wherein it was held, in effect, that section 1701, R.C.1928, section 59–601, A.C.A.1939, now § 18–201 et seq. A.R.S.1956, was the exclusive method by which boards of supervisors may establish county highways and condemn property therefor, except in those cases where the state had previously thereto formally designated the proposed highway as a "State Route" under the provisions of section 1567, Revised Code of 1928, 59–201, A.C.A.1939, now § 18–151, A.R.S.1956.

It is our view that sections 17–309 (4) and 27–901 to 27–921 inclusive, supra, adequately grant to the counties of this state the right to exercise the power of eminent domain and that they prescribe a procedure to be followed in the exercise of such right. Consequently, there is no merit to defendant's claim that such statutes do not sufficiently prescribe the procedure to be followed.

In addition to section 27–908 (quoted haec verba), supra, subsequent sections define the interest acquired by condemnation; set forth what private property may be taken under such proceedings; require that the use for which such property may be taken must be one authorized by law; that its taking is necessary to such use, etc.; provide for the filing of an action by the county for condemnation in the Superior Court and that such tribunal shall proceed to a hearing to determine the rights of the parties litigant under the law in such cases; the necessary allegations of the complaint; for the consolidation of actions where more than one piece of property is sought to be condemned; for the issuance and service of summons upon the owners of such property and the essential contents of the summons; provides for all persons having an interest in the property, whether made parties thereto or not, to appear and defend their rights; prescribes special powers of the court under certain circumstances, and, for the assessment of damages by a jury, or if a jury is waived, by the court. Sections 27–917 to 27–921 inclusive, supra, detail all further steps to be taken including when the final order of condemnation may be made by the court.

We believe the amended complaint in the instant case, conforms fully with the requirement of section 27–910, supra, and stated a claim in condemnation.

The judgment of the trial court is reversed and the case is remanded with directions to reinstate the amended complaint.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.