837 P.2d 1132

**Alan C. GOTLAND and Janet L.
Gotland, husband and wife,
Plaintiffs–Appellees,**

v.

**TOWN OF CAVE CREEK,
Defendant–Appellant.**

**No. CV–92–0038–PR.**

Supreme Court of Arizona.

Sept. 25, 1992.

James B. Ball, Diogardi, Poli & Ball, Ltd., for Alan Gotland.

David E. Ledyard, Faith, Ledyard & Dagilis.

Grant Woods, Atty. Gen., Robert J. Sokol.

J. Lamar Shelley, Shelley & Bethea.

### ORDER

On consideration by the Court,

IT IS ORDERED that the Petition for Review is granted on the question presented, but only with respect to the issue raised in Parts III and IV, *i.e.,* whether A.R.S. § 28–1861(B) is unconstitutional as a violation of due process or a taking of property without compensation because the state failed to provide notice or time for the property owners to protect their rights and protect their property from vesting in the state prior to the time their property was "declared to be a public road or highway." *See Texaco, Inc. v. Short,* 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982).

The Court will also consider the question of the propriety of addressing the constitutionality of A.R.S. § 28–1861(B) in the context of facts stipulated to only for the purpose of obtaining summary judgment on the constitutional issue, in light of the principles of judicial restraint and economy expressed in cases such as *Schwab v. Matley,* 164 Ariz. 421, 793 P.2d 1088 (1990); *State v. Yslas,* 139 Ariz. 60, 676 P.2d 1118 (1984); *Hart v. Bayless Investment & Trading Co.,* 86 Ariz. 379, 346 P.2d 1101 (1959); *County of Maricopa v. Anderson,* 81 Ariz. 339, 306 P.2d 268 (1957).

IT IS FURTHER ORDERED that Appellant and amici may file supplemental briefs addressing the above issues within thirty (30) days from the date of this order. Appellees may file responses to the supplemental briefs within thirty (30) days thereafter. All briefs are limited to twenty-five (25) pages in length.

IT IS FURTHER ORDERED that the matter will be set for oral argument.